[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13077
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80164-KAM

CARYN PINCUS,
an individual, on behalf of herself and all others similarly situated,

Plaintiff-Appellant,

versus

SPEEDPAY, INC.,
a New York corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 11, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Caryn Pincus, individually and on behalf of all others similarly situated, appeals the district court's grant of summary judgment to Speedpay, Inc.  Pincus sued Speedpay for unjust enrichment, money had and received, and a violation of the Florida Deceptive and Unfair Trade Practices Act, alleging that Speedpay violated Florida's money transmitter licensing law, § 560.204, Fla. Stat., by charging and collecting service fees for processing payments while unlicensed. The district court held that Speedpay did not meet the definition of a money transmitter, § 560.103(23), Fla. Stat., and therefore Speedpay did not require a license under the licensing statute, § 560.204, Fla. Stat.  After review,[1] we affirm the district court.

## I.  BACKGROUND

Speedpay provides bill payment processing services to Florida Power & Light Company (FPL) and other clients.  FPL customers can pay their bills in a variety of ways, ranging from mailing a check to calling a toll-free number and using a credit card.  Speedpay provides the technology and infrastructure that enables FPL to accept payments from customers who choose the pay-by-phone service.

---

[1] We review the district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005).

Pincus and her husband usually paid their electric bills by authorizing FPL to take money directly from their checking account. However, on two occasions, Pincus and her husband opted to pay their bill with a credit card using Speedpay's pay-by-phone system. Pincus chose to proceed with the pay-by-phone transaction after being told she would incur a convenience fee of $3.25. Speedpay correctly processed Pincus's transactions, and her FPL bills were paid.

After Pincus provided her credit card information and stated how much she wanted to pay, her payments were processed in the following manner. First, Speedpay confirmed the payment Pincus wanted to make was consistent with FPL's requirement, such as the permissible per-payment range for residential customers paying by telephone. Second, Speedpay gave Pincus's information to FPL's "merchant acquiring bank"—a bank that helps merchants settle credit and debit card transactions—and asked the bank to confirm that Pincus had enough money on her credit limit to cover the transaction. Third, Pincus's bank placed a hold on Pincus's credit line for the amount of her requested payment. At this point in the process, Pincus was still on the telephone with Speedpay. Fourth, within minutes of Pincus hanging up the telephone, Speedpay notified FPL that Pincus had paid her bill. Fifth, FPL's merchant acquiring bank collected money from Pincus's bank.

3

Separately, as a service to FPL, Speedpay caused funds in the amount of Pincus's electric bill to be pre-funded to FPL. Speedpay pre-funded Pincus's bill by directing that money in an account belonging to Speedpay's affiliate, Western Union Financial Services, Inc. (Western Union), be transferred into an account belonging to FPL's merchant acquiring bank. Western Union is a licensed money transmitter in the State of Florida. FPL's merchant acquiring bank later caused funds in that same amount (plus the $3.25 convenience fee), to be deposited into Western Union.

## II.  DISCUSSION

The district court held Speedpay was not a "money transmitter" under Florida law, and therefore did not require a license under section 560.204, Florida Statutes. A "money transmitter" is defined as a corporation "which receives currency, monetary value, or payment instruments for the purpose of transmitting the same by any means, including transmission by wire, facsimile, electronic transfer, courier, the Internet, or through bill payment services or other businesses that facilitate such transfer within this country, or to or from this country." § 560.103(23), Fla. Stat.

We agree with the district court that section 560.103(23) requires two things—to be a money transmitter a corporation must (1) "receive" currency (2) "for the purpose of transmitting" it. "[R]eceive" is defined as "[t]o take

4

(something offered, given, sent, etc.); to come into possession of or get from some outside source." Black's Law Dictionary (10th ed. 2014). The undisputed evidence shows that when Pincus made her payment via telephone, FPL's merchant acquiring bank obtained a hold over Pincus's bank account. In other words, FPL's merchant acquiring bank received money directly from Pincus's bank. Speedpay simply notified FPL that Pincus had paid her bill. Thus, Speedpay did not "receive" money from Pincus and transmit it to FPL.

The statute then sets forth various "means" by which the transmission may occur, including through bill payment services or other businesses that facilitate such transfer. The statute does not support that a bill payment service like Speedpay is a *per se* money transmitter regardless of whether it receives currency during a transaction for the purpose of transmission. An essential prerequisite to being a "money transmitter" is that the corporation "receives" currency for the purpose of transmitting the same.[2] That Speedpay engages in conduct that is one of the "means" of transmitting currency is not enough to make it a "money transmitter" under Florida law.

---

[2] The only money Speedpay actually received (the money deposited in Western Union from FPL plus the convenience fee) is not for the purpose of transmission.

Because Speedpay did not "receive" the money, it is not a "money transmitter" under section 560.103(23), Florida Statutes, and therefore did not require a license. We affirm the district court's grant of summary judgment.[3]

**AFFIRMED.**

---

[3] Because we hold that Speedpay is not a money transmitter, we express no opinion regarding Speedpay's argument that Pincus cannot bring common law claims based on a violation of the money transmitter licensing law.